**PAYNESVILLE FARMERS UNION OIL COMPANY, Appellant,**

v.

**EVER READY OIL CO., INC., et al., Respondent.**

**No. C6–85–717.**

Court of Appeals of Minnesota.

Dec. 24, 1985.

Review Denied Mar. 14, 1986.

Kevin S. Carpenter, Quinlivan, Sherwood, Spellacy & Tarvestad, P.A., St. Cloud, for appellant.

Michael Q. Lynch, Lynch & Lynch, Willmar, for respondent.

Heard, considered and decided by CRIPPEN, P.J., and WOZNIAK and LANSING, JJ.

## OPINION

LANSING, Judge.

Paynesville Farmers Union Oil Co. appeals from a judgment refusing to hold Gerald and Helen Van Dorsten personally liable on a debt of $46,406 owed by a closely held corporation owned by the Van Dorstens. We affirm.

## FACTS

Paynesville Farmers Union Oil Co. is a cooperative that sells petroleum products. In 1964 Gerald Van Dorsten began working for Ever Ready Oil, a sole proprietorship owned by Robert Johnson. In August 1976 Gerald and Helen Van Dorsten bought the business from Johnson and continued to operate it under the same name. The business was incorporated in February 1977, and the Van Dorstens were the sole shareholders.

An account with Paynesville was opened before the Van Dorstens bought the business. Van Dorsten did not recall whether he started making purchases from Paynesville before or after the business had been incorporated. Invoices from Paynesville designated the business as "Ever Ready Oil." Van Dorsten did not expressly notify any Paynesville employee of the change to corporate ownership, but paid all invoices with checks in the name of Ever Ready Oil Co., Inc. Over the 5½ year life of the business, Van Dorsten never paid by personal check. Paynesville's bookkeeper was aware that Ever Ready's checks came in corporate form.

Beginning in 1982, Ever Ready Oil began to falter. It fell behind on amounts due to Paynesville and petitioned for bankruptcy in 1984. There is no dispute that Ever Ready Oil owes Paynesville $46,406.

Paynesville argued at trial that the Van Dorstens were personally liable on the debt. Evidence showed that the corporation kept a checking account separate from the Van Dorstens' personal accounts. Annual meetings were held, but not always on the same date. Until the business declined, the Van Dorstens received a salary from the corporation, but later they took a draw instead, never taking more than what had been set as salaries. On tax returns the corporation had taken deductions on some

items owned by the Van Dorstens and leased to the corporation.

The case was tried without a jury; the court found in favor of the Van Dorstens, and Paynesville appeals.

## ISSUES

1. Did the trial court clearly err in finding that Ever Ready Oil, Inc., was a disclosed principal?

2. Did the trial court err in refusing to pierce the corporate veil?

## ANALYSIS

### I

■ In general, an officer of a corporation is not liable to its creditors for corporate debts. *Haas v. Harris*, 347 N.W.2d 838, 840 (Minn.Ct.App.1984). Principles of agency law apply when third parties attempt to hold officers or agents personally liable on corporate contracts. *Id.* When an agent acts for a partially disclosed principal or on his own for an undisclosed principal, the agent is a party to the agreement and is liable on the contract. *Id.* (citing Restatement (Second) of Agency §§ 321, 322 (1958); *Cargill Elevator Co. v. D. Sullivan & Co.*, 171 Minn. 507, 214 N.W. 510 (1927)). Notice given to an agent of a principal is generally notice to the principal. *Dvoracek v. Gillies*, 363 N.W.2d 99, 101 (Minn.Ct.App.1985).

Paynesville argues that the Van Dorstens' failure to notify it that Ever Ready Oil had incorporated rendered it an undisclosed principal. The major case it cites for support is *Haas v. Harris*, 347 N.W.2d 838 (Minn.Ct.App.1984).

In *Haas* Wilber Harris purchased an existing business called the Camden Bakery in 1977 and entered into an oral contract with Haas for repair work in August 1977. In October 1977 the business was incorporated. There was a dispute as to whether Harris had advised Haas of the business' incorporation, but the contract negotiations

had been directed to Harris personally. Haas was paid with checks bearing the name of the incorporated business, Camden Bakery, Inc. Neither the trial court nor the appellate court found this fact persuasive because Harris' corporate office was not indicated under his signature and because the checks were dated either after the work was under way or, in some instances, after completion. *Id.* at 840. This court affirmed the trial court's conclusion that Harris was personally liable on the debt to Haas.

■ We believe that *Haas* is distinguishable and that payment by checks from the corporate checking account over a five-year period gave Paynesville actual notice of the incorporation. *Haas* involved only two transactions between the contracting parties; in this case the parties entered into a *series* of contracts. Paynesville therefore had received checks bearing the corporate name before entering into successive contracts. We also note, as did the trial court, that no checks were issued to Paynesville other than those of the corporation. Finally, as an agent for Paynesville, the bookkeeper's actual knowledge of Ever Ready's corporate form was sufficient to put Paynesville on notice. Considered in the light most favorable to the Van Dorstens, this evidence does not compel a conclusion that the trial court clearly erred. *See id.* at 839.

### II

Paynesville further argues that the trial court should have pierced the corporate veil of Ever Ready Oil, Inc., to hold the Van Dorstens liable as shareholders.

■ In *Victoria Elevator Co. v. Meriden Grain Co., Inc.*, 283 N.W.2d 509 (Minn.1979) the supreme court disregarded the corporate entity and held a shareholder personally liable because the corporation was merely the "alter ego" or "instrumentality" of the shareholder,[1] and because the

1. Factors considered significant in the determination include: insufficient capitalization for

purposes of corporate undertaking, failure to observe corporate formalities, nonpayment of

essential element of injustice or fundamental unfairness was present. *See id.* at 512. Proof of strict common-law fraud is not required, but evidence that the corporate entity has been operated as a constructive fraud or in an unjust manner must be presented. *West Concord Conservation Club, Inc. v. Chilson,* 306 N.W.2d 893, 898 n. 3 (Minn.1981).

■ In the instant case there is some evidence that the Van Dorstens disregarded the corporate entity. The corporation depreciated property owned by the Van Dorstens and leased to the corporation. There was no documentation of the sale of some assets from the sole proprietorship to the corporation. On the other hand, annual meetings were held, minutes were taken, separate bank accounts were kept, one dividend was paid, and annual salaries were set. The business was not undercapitalized, and the dominant shareholders did not siphon funds. In fact, when Ever Ready Oil was faltering, the Van Dorstens took as draws less than they were entitled to as salary. However, there is no evidence that the corporation was operated as a constructive fraud or in an unjust manner. The trial court did not err in refusing to pierce the corporate veil to hold the Van Dorstens personally liable.

### DECISION

The trial court did not err in finding that Ever Ready Oil, Inc., was not an undisclosed principal or a sham corporation. The Van Dorstens are not personally liable on the debt Ever Ready Oil owes to Paynesville.

Affirmed.

dividends, insolvency of debtor corporation at time of transaction in question, siphoning of funds by dominant shareholder, nonfunctioning of other officers and directors, absence of cor-

porate records, and existence of corporation as merely facade for individual dealings. *See Victoria Elevator,* 283 N.W.2d at 512.